OPINION
This review of the judgment of the Portage County Common Pleas Court is limited to the award of prejudgment interest in a tort claim prosecuted under former R.C. 1343.03(C). The merit issues involved bodily injury claims as a consequence of negligent operation of an automobile by appellant, together with consortium claims.
The merit case was resolved on June 29, 1999, when a jury returned verdicts in favor of appellee, Mary Gemberling, against appellant, Ismael Sepulveda, for $24,569.57 and for appellee, Robert Gemberling, for $1,000.
On September 17, 1999, the trial court granted a motion for prejudgment interest. In prior proceedings in this court of appeals, we remanded the case for calculation of the amount of prejudgment interest due. Consistent with that remand, the trial court calculated and awarded prejudgment interest of $8,846.81 to Mary Gemberling, and $363 to Robert Gemberling. It is from this judgment that appellant appeals, assigning three errors:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING PREJUDGMENT INTEREST WHEN THE DEFENDANT MADE A GOOD FAITH EFFORT TO SETTLE THE CASE AND THE PLAINTIFFS FAILED TO DO SO.[1]
 "II. THE TRIAL COURT COMMITTED PLAIN ERROR IN ENFORCING R.C. 1343.03 IN VIOLATION OF A WRIT OF PROHIBITION ISSUED BY THE SUPREME COURT OF OHIO IN STATE ex rel. OHIO ACADEMY OF TRIAL LAWYERS v. SHEWARD
(1999), 86 OHIO ST.3d 451, 715 N.E.2d 1062.
 "III. THE TRIAL COURT ERRED IN COMPUTING THE AMOUNT OF PREJUDGMENT INTEREST DUE TO THE APPELLEES."
Because the question of viability of R.C. 1343.03 to the facts and circumstances of this case is a threshold issue, we will address the second assignment of error first.
At the time of the accident, April 29, 1996, and at the time the action was filed, January 23, 1997, the extant prejudgment legislation provided:
 "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortuous conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." R.C. 1343.03(C).
This statute, along with a plethora of other tort provisions, is the subject of series of acts and counter-acts by both the legislature and the Ohio Supreme Court. In 1996, the Ohio Legislature adopted Am.Sub.H.B. 350 colloquially identified as "Tort Reform." That act amended R.C. 1343.03 among its many changes. In 1999, the Ohio Supreme Court repealed Am.Sub.H.B. 350 in toto, finding it to be unconstitutional and prohibiting courts from enforcing it. State ex rel. Ohio Academy ofTrial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraphs two and three of the syllabus.
The narrow issue presented here is whether R.C. 1343.03, as applied to the cause of action that was filed before the adoption of Tort Reform andSheward is today the binding, effective legislation authorizing prejudgment interest and setting the standards therefor.
Appellant argues that the legislative repeal of R.C. 1343.03 leaves Ohio at this time without authority to implement its provisions. It is a separation of power argument: Only the legislature is invested by the Ohio Constitution with the power to enact and repeal legislation. Section 1, Article II of the Ohio Constitution. "The revival of a repealed statute by judicial fiat would violate this doctrine and constitute a usurpation of the legislative power by the judicial branch." Section 15(D), Article II of the Ohio Constitution. Appellant argues the legislature repealed old R.C. 1343.03 and adopted a new version in Tort Reform. The Supreme Court ruled the legislature's action violative of the Ohio Constitution and declared the statute unconstitutional in toto. The court cannot legislate because of separation of powers. Therefore, appellant asserts, there is no prejudgment interest statute, and the trial court committed plain error in applying R.C. 1343.03.
We find the argument of appellant disingenuous. The Supreme Court of Ohio is not enacting legislation vis-a-vis the viability of the old R.C. 1343.03. Rather, they are exercising judicial prerogative in wiping the slate clean as to the entire Tort Reform legislation, in effect, saying "nothing that the legislature did in enacting this legislation is of any force; this legislation does not impact tort legislation at all." When "Tort Reform" is removed from the jurisprudence of Ohio, we are left where we were before the unconstitutional action was taken by the legislature. R.C. 1343.03 is now, as it was then, the legislative pronouncement regarding prejudgment interest. This line of reasoning is consistent with the holdings of the Ohio Supreme Court in Bd. ofElections for Franklin Cty. v. State, ex rel. Schneider (1934),128 Ohio St. 273.
The trial court did not commit plain error in interpreting and applying R.C. 1343.03, as noted above, to the facts and circumstances of this case.
The second assignment of error is without merit.
The applicable standard for appellate review of an award of prejudgment interest is abuse of discretion. Kalain v. Smith (1986), 25 Ohio St.3d 157.
The party requesting such relief has the burden of proving that they made a good faith effort to settle and that the adverse party failed to make a good faith effort to settle. Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, 659. "[I]t is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle * * *. Other factors would include responses — lack thereof and a demand substantiated by facts and figures. * * * These factors, and others where appropriate, should also be considered by a trial court in making a prejudgment interest determination." Id.
In his brief, appellant recites a comprehensive litany of the chronological events surrounding the ultimate issue of good faith efforts to settle the case. Although this case originated with an allegation of comparative negligence, it resolved into an issue of damages by the end of 1997. In March 1998, the insurance agent for appellant advised appellees' counsel that he had examined their settlement package and made a written offer of $10,000. In April, appellees' counsel advised the insurance agent that he "will recommend that Mary Gemberling accept $40,000 in settlement of the claim". Later, in April, the agent sent appellees' counsel a letter stating that on the medical evidence, she saw no avenue to increase the offer of $10,000.
Later in April 1998, appellant's counsel sent appellees' counsel a letter increasing the offer to $11,800. Further, he advised, "The above position is based upon information available at the present time. In the event that you have information not previously provided to Allstate, which you feel would effect the value of the case, please forward it to me."
There was a status conference in September 1998. Appellees' counsel expressed willingness to settle between the $40,000 demand and the $11,800 offer.
In June 1999, there was a final pretrial conference. The same offer was tendered by appellees' counsel. On the first day of trial, appellees reduced the demand to $20,000. The next day, the jury awarded $24,569.57 plus $1,000, as above noted.
In sustaining the motion for prejudgment interest, in its judgment entry of February 16, 2000, the trial court stated:
 "The Court would find that on the judgment for $24,569.57, plaintiff Mary Gemberling is entitled to prejudgment interest through June 1999, in the amount of $8,846.81. The Court would further find plaintiff Robert Gemberling is entitled to prejudgment interest through June 1999, in the amount of $363.00.
 "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that plaintiff Mary Gemberling be and hereby is awarded prejudgment interest in the sum of $8,846.81. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff Robert Gemberling be and hereby is awarded prejudgment interest in the sum of $363.00."
 Upon our review of the evidence, consistent with the deference due the exercise of discretion by the trial court, we conclude that the prejudgment interest ordered by the trial court was within the perimeter of its discretion, and is supported by competent, credible evidence.
The first assignment of error is without merit.
The claim that the prejudgment interest was incorrectly calculated is correct. Under preexisting R.C. 1343.03(C), prejudgment interest is to be computed from the date the cause of action accrued to the date on which the money is paid. Further, prejudgment interest is not compounded annually.
The third assignment of error is with merit, and the cause is remanded to the trial court to recompute the amount of prejudgment interest due.
The judgment of the Portage County Common Pleas Court is affirmed in part, reversed in part and the cause is hereby remanded.
 ________________________________ JUDGE JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., concurs, O'NEILL, J., dissents.
[1] Appellees invert the assignments of error in their brief.